United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RONALD CRAIG FISH,<br>Plaintiff,<br>v.<br>SANTA CLARA COUNTY,<br>Defendant. | Case No.18-cv-06671-VKD<br><br>**ORDER RE PLAINTIFF'S JULY 1, 2019 LETTER**<br>Re: Dkt. No. 48 |

On July 1, 2019, the Court received a letter from plaintiff Ronald Fish (Dkt. No. 48), which the Court construes as a motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 59(e). Pursuant to Civil Local Rule 7-1(b), the Court finds Mr. Fish's motion suitable for decision without oral argument.

The Court may alter or amend a judgment under Rule 59(e) upon a showing of one of four grounds: "(1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and citation omitted). A motion brought under Rule 59 is not an opportunity for a party to re-litigate the claims that were before the Court prior to judgment, but is instead an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterps., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation and citation omitted) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation," and should not be granted "absent highly unusual circumstances.").

Mr. Fish has identified no "newly discovered or previously unavailable evidence" or "intervening change in controlling law" that would provide a basis for the Court to reconsider its order dismissing his complaint without leave to amend under Rule 12(b)(6). *Turner*, 338 F.3d at 1063. Nor has Mr. Fish demonstrated that reconsideration is necessary "to correct manifest errors of law or fact" or "to prevent manifest injustice." *Id.* Instead, Mr. Fish's motion essentially seeks to re-litigate the claims before the Court prior to judgment. *Kona*, 229 F.3d at 890. Furthermore, the Court finds that the authority upon which Mr. Fish now seeks to rely could have been raised earlier in the litigation, and in any event, no "highly unusual circumstances" exist that would warrant reconsideration. *Id*. The Court finds that Mr. Fish fails to satisfy any of the four factors in *Turner* or the "highly unusual circumstances" standard in *Kona*. Accordingly, his motion for reconsideration is denied.

Mr. Fish is admonished that it is not appropriate to communicate with the Court by letter.

**IT IS SO ORDERED.**

Dated: July 1, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge