UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RONALD CRAIG FISH,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY,<br><br>Defendant. | Case No.18-cv-06671-VKD<br><br>**ORDER DENYING MAGNUM AVIATION INC.'S MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 42 |

Pro se plaintiff Ronald Fish sued defendants Magnum Aviation, Inc. ("Magnum") and Santa Clara County ("the County") for violation of his right to just compensation for the taking of his property. Dkt. No. 1 at 1. Specifically, he sought a declaratory judgment that defendants' anticipated seizure of his private airplane hangars pursuant to certain sublease agreements is an unconstitutional taking under the Fifth Amendment of the U.S. Constitution and "Section 2" of the California Constitution. *Id.* He also sought a declaratory judgment that the reversion clause in his subleases with Magnum violates the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770(19), because the clause is unconstitutional and unconscionable. *Id.* Mr. Fish sought an injunction barring defendants from taking possession of his hangars once his sublease expires or, in the alternative, requiring defendants to compensate him for the hangars. *Id.*

The Court granted Magnum's motion to dismiss with prejudice and without leave to amend. Dkt. No. 28. Magnum now moves for an award of $15,785.00 in attorneys' fees incurred in connection with its successful motion to dismiss, pursuant to 42 U.S.C. § 1988(b) and California Civil Code § 1780(e). Dkt. No. 42. The Court heard oral argument on Magnum's fees motion on June 18, 2019. Dkt. No. 46.

Having considered the parties' motion papers and arguments made at the hearing, the

Court denies Magnum's motion.

I.   **BACKGROUND**

   A.   **Mr. Fish's Claims Against Magnum**

Mr. Fish is a retired attorney and airplane owner who resides in Los Gatos, California. Dkt. No. 1 ¶ 1; *see also* Dkt. No. 1 ¶ 23. Magnum is the fixed base operator of the South Santa Clara County Airport in San Martin, California. *See id.* ¶¶ 8, 10, Ex. C at 1; *see also* Dkt. No. 15 at 3. Mr. Fish owns two portable airplane hangars at the airport. Dkt. No. 1 ¶ 1. The hangars sit on land that Mr. Fish subleases from Magnum, who in turn leases the land from the County. *Id.* ¶¶ 1-3. The County owns the land on which the airport is located. *Id.* ¶ 2.

The facts alleged in Mr. Fish's complaint are described in detail in the Court's order dismissing Mr. Fish's claims. Dkt. No. 28. For purposes of Magnum's motion for attorneys' fees, the salient facts are as follows:

Magnum and the County are parties to a master lease agreement which contains the following reversion clause: "Upon expiration of this lease agreement, Lessee agrees to immediately surrender possession of the premises and any improvements thereon to Lessor. . . . All improvements shall become the property of Lessor free and clear of all liens and encumbrances." Dkt. No. 1 ¶¶ 3, 10-11. Mr. Fish (or his law corporation) and Magnum are parties to sublease agreements, which state in relevant part:

> Upon the expiration of this Lease Agreement [on December 11, 2020], Lessee agrees to immediately surrender possession of the Hangar Space and any improvements thereon to Lessor. However, Lessee may elect to remove the Hangar from the Hangar Space prior to the expiration of the term of this Lease. . . . All improvements shall become the property of the Lessor, free and clear of all liens and encumbrances should the Lessee elect not to, nor cause removal of the Improvement (the Hangar.) prior to the expiration of the Lease Agreement.

*Id.* ¶¶ 10-12, Ex. C at 1 ¶ 2. The sublease agreements include a reversion clause similar to the one in the master lease agreement: "All and any alterations, improvement or modification to the Hangar Ground Space, including the Hangar structure, shall become Lessor's property and shall remain on the Hangar Ground Space at the expiration of this agreement, without compensation, remuneration or payment to the Lessee." *Id.* at 3 ¶ 10.

2

The master lease between the County and Magnum expires on December 11, 2020, and all of the subleases—including Mr. Fish's—expire on that same day. Now that the expiration date draws near, Mr. Fish wishes to avoid having to move his hangars and to prevent Magnum and the County from seizing possession of them without compensating him for their value. *Id.* ¶¶ 20, 22-23, 25-26. Mr. Fish filed this action on November 2, 2018. *Id.* ¶ 34; *see generally* Dkt. No. 1.

### B. Magnum's Motion to Dismiss

On November 30, 2018, counsel for Magnum contacted Mr. Fish by telephone. Dkt. No. 43 ¶ 3. The details of the conversation are disputed, but for purposes of this motion, the Court assumes that Magnum did not advise Mr. Fish that it intended to seek dismissal of the complaint and that Magnum also did not advise Mr. Fish of the grounds for dismissal.

On December 10, 2018, Magnum's counsel sent an email to Mr. Fish, which stated in relevant part:

> In response to the complaint, Magnum Aviation will be filing a FRCP 12(b)(6) motion to dismiss on the grounds that the terms of the fully-integrated private sublease agreement permit the removal of the hangars any time within the next two years, such that there cannot be a constitutional taking by Magnum acting in a proprietary interest.

*Id.* ¶ 4. On December 11, 2018, Mr. Fish contacted Magnum's counsel by telephone to discuss the hearing date for the motion. The parties did not discuss the bases for Magnum's anticipated motion to dismiss. *Id.* ¶ 5.

On December 13, 2018, Magnum moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 15. In addition to challenging Mr. Fish's takings claim, Magnum also challenged his CLRA claim and argued that the statute of limitations barred all claims. *Id.*

The Court granted Magnum's motion without leave to amend for multiple reasons. Relevant to Magnum's fees motion, with respect to Mr. Fish's takings claim under § 1983, the Court first determined that Mr. Fish's complaint failed to plead that Magnum acted under color of state law—a necessary element of a § 1983 claim. Dkt. No. 28 at 4–5. Second, even if Magnum could be said to be a state actor, the reversion of the hangars to Magnum and subsequently to the County was not a taking, because the County was acting in its commercial or proprietary capacity

3

1 under the master lease, and at the time of the reversion from Magnum to the County, Mr. Fish's

2 interest in the hangars would already be extinguished. *Id.* at 5–6. Third, given that Mr. Fish

3 admitted he was aware of the reversion clause in 1995 and believed it to be unconstitutional at that

4 time, the two-year statute of limitations on Mr. Fish's section 1983 claim had long since run. *Id.*

5 at 6–8.

With respect to Mr. Fish's claim for a declaration of unconscionability under the CLRA, the Court found that Mr. Fish failed to satisfy the CLRA's notice provision, California Civil Code § 1782(a). *Id.* at 9–10. In addition, the Court found this claim was also time-barred under the applicable statute of limitations based on Mr. Fish's awareness of his claim in 1995. *Id.* at 10.

Following dismissal of the case against Magnum, Mr. Fish and the County stipulated to dismissal of the action against the County. Dkt. No. 30. The Court issued judgment in Magnum's favor. Dkt. No. 31.

On March 13, 2019, Magnum filed its first motion for attorneys' fees. Dkt. No. 32. The Court denied that motion without prejudice because it did not comply with Civil Local Rule 54-5, which requires counsel for the parties to meet and confer before a fees motion is filed and further requires counsel for the moving party to provide a declaration or affidavit that such conference took place. Dkt. No. 40. Magnum filed its second motion for attorneys' fees on May 7, 2019, which is now before the Court. Dkt. No. 42. Magnum now seeks fees related to Mr. Fish's § 1983 takings claim and his CLRA claim. *Id.*

## II. LEGAL STANDARD

In the absence of legislation that provides otherwise, litigants must pay their own attorneys' fees. *See Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240 (1975). Pursuant to Federal Rule of Civil Procedure 54(d)(2), a party may make a claim for attorneys' fees and related nontaxable expenses when authorized by statute. Here, Magnum moves for attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b) and California Civil Code § 1780(e).

### A. 42 U.S.C. § 1988(b)

In an action brought pursuant to 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs

4

. . . ." 42 U.S.C. § 1988(b). "A prevailing defendant may recover attorneys' fees when a § 1983 plaintiff's claims are groundless, without foundation, frivolous, or unreasonable. The terms 'frivolous', 'unreasonable' and 'without foundation' as used in this context do not have appreciably different meanings." *Alaska Right to Life Political Action Comm. v. Feldman*, 504 F.3d 840, 852 (9th Cir. 2007) (citations and quotation marks omitted). A prevailing defendant may only be awarded fees when the plaintiff continued to litigate a claim after it clearly became frivolous, unreasonable, or groundless. *Thomas v. City of Tacoma*, 410 F.3d 644, 647–48 (9th Cir. 2005) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)).

The Supreme Court has explained that because Congress intended to promote vigorous enforcement of civil rights, a district court must exercise caution in awarding fees to a prevailing defendant in order to avoid discouraging legitimate suits that may not be "airtight." *Christiansburg*, 434 U.S. at 422. Because "the course of litigation is rarely predictable," district courts must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421–22; *see also Hughes v. Rowe*, 449 U.S. 5, 14 (1980) ("The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees.").

Accordingly, the Ninth Circuit has cautioned that "[a]ttorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." *Saman v. Robbins*, 173 F.3d 1150, 1157 (9th Cir. 1999) (quoting *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990)). The standard that a court may award attorneys' fees and costs to a prevailing defendant if it finds that the plaintiff's action was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so," is strict, but not insurmountable. *Christiansburg*, 434 U.S. at 422. Although "[a] defendant stands in a different equitable position from that of a prevailing plaintiff . . . . Congress intended to protect defendants from 'litigation having *no* legal or factual basis.'" *Mitchell v. Office of Los Angeles Cty. Superintendent of Sch.*, 805 F.2d 844, 847 (9th Cir. 1986) (citing *Christiansburg*, 434 U.S. at 420) (emphasis original). "And, needless to say, if a plaintiff is found to have brought or continued such a claim in bad faith, there will be

5

an even stronger basis for charging him with the attorney's fees incurred by the defense."
*Christiansburg*, 434 U.S. at 422.

### B. California Civil Code § 1780(e)

A trial court may award reasonable attorneys' fees "to a prevailing defendant upon a finding by the court that the plaintiff's prosecution of the action was not in good faith." Cal. Civ. Code § 1780(e). "Courts have uniformly constructed this language as requiring a subjective test." *Corbett v. Hayward Dodge, Inc.*, 119 Cal. App. 4th 915, 924 (2004). "[G]ood faith, or its absence, involves a factual inquiry into the plaintiff's subjective state of mind." *Id.* at 923. Thus, the CLRA fee-shifting "statutory provision requires the trial court to find that the plaintiff proceeded in subjective bad faith before it may award fees to a prevailing defendant." *Shisler v. Sanfer Sports Cars, Inc.,* 167 Cal. App. 4th 1, 9 (2008). The party moving for attorneys' fees has the burden of proving that the plaintiff proceeded in subjective bad faith. *Corbett*, 119 Cal. App. 4th at 926.

## III. DISCUSSION

As a threshold matter, the parties do not dispute that Magnum is the prevailing party within the meaning of both 42 U.S.C. § 1988(b) and California Civil Code § 1780(e). The question before the Court, therefore, is whether Mr. Fish's claims were frivolous, unreasonable, or groundless, or whether the filing and prosecution of the action were undertaken in bad faith, such that an award of attorneys' fees is justified.

### A. 42 U.S.C. § 1988(b)

Magnum contends that Mr. Fish's claim for an unconstitutional taking pursuant to 42 U.S.C. § 1983 was frivolous and without legal basis from its inception because (1) Magnum is a private entity, not a government entity or agent which may be liable for a takings claim, and (2) the statute of limitations on Mr. Fish's claim expired two decades ago. Dkt. No. 42 at 5; Dkt. No. 45 at 3–5. Magnum points out that Mr. Fish, although pro se, is an attorney with over 30 years of experience, and suggests that he should have known that he had no basis for a § 1983 takings claim. Dkt. No. 42 at 2, 5. Moreover, Magnum says that it made its position clear and gave Mr. Fish an opportunity to withdraw his complaint before proceeding with a motion to dismiss, and

6

that Mr. Fish should have withdrawn his complaint at that time. Dkt. No. 43 ¶ 3. Magnum also argues that Mr. Fish's takings claim was not only baseless, but also brought in bad faith. Dkt. No. 42 at 6. In particular, points to the fact that Mr. Fish delayed bring his claims for many years and then sought unreasonable remedies as evidence of his bad faith. Dkt. No. 42 at 6.

Mr. Fish responds that he is a retired patent prosecutor who "know[s] very little about litigation." Dkt. No. 44-1 ¶¶ 1, 12. He says that he did not know or appreciate that Magnum was a private entity acting under a private lease and that it could not be held liable for a taking in those circumstances. Dkt. No. 44 at 1, 2. In particular, Mr. Fish says that Magnum's counsel never explained Magnum's private entity defense to him and that he was not on notice of that defense until Magnum filed its motion to dismiss. *Id.* at 1. He insists that even after reviewing Magnum's motion to dismiss, he did not really understand Magnum's argument. *Id.* at 2. The remainder of Mr. Fish's opposition is an improper attempt to relitigate the Court's dismissal of his claims, which the Court will not consider. *See* Civ. L.R. 7-9(a) (requiring a party to obtain leave of Court before seeking reconsideration).

The Court agrees that Mr. Fish's § 1983 claim lacked merit. However, the Court does not find that Mr. Fish acted in bad faith or that this proceeding presents the kind of "exceptional circumstances" that warrant an award of fees to Magnum as the prevailing defendant.

First, Mr. Fish is retired from the practice of law, and prior to his retirement, he appears to have practiced primarily as a patent prosecutor.[1] Dkt. No. 44-1 ¶¶ 1, 12. It is not clear to the Court that Mr. Fish is competent to practice in the area of civil litigation involving government takings. He appears pro se in this case, and his present circumstances are closer to those of a lay person than a lawyer. *See, e.g.*, *Rasmussen v. Cal. DMV*, No. CV 08-1604-FMC (PLA), 2009 WL 605784, at *4 (C.D. Cal. Mar. 6, 2009) ("Here, although plaintiff is an attorney, there is nothing to indicate that he has any experience with civil rights cases (other than his own) . . . ."); *Stern v. Does*, No. CV 09-01986 DMG (PLAx), 2011 WL 13124449, at *6 n.2 (C.D. Cal. May 4, 2011)

---

[1] The Court notes that Mr. Fish's professional letterhead, as shown in an exhibit attached to the complaint, indicates that he is an attorney engaged in "litigation and licensing of intellectual property" and "patent prosecution and litigation for" various technology industries. Dkt. No. 1 at 16–17.

7

(observing that even though pro se plaintiff was an attorney, "it will be more difficult for an attorney litigating his own case to objectively assess its merits than for retained counsel of comparable skill and experience"); *Miller v. Los Angeles Cty. Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir. 1987) ("[P]ro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim.") (citing *Hughes*, 449 U.S. at 15). The Court also credits Mr. Fish's assertion that he has difficulty comprehending arguments and articulating responses as the result of certain health issues of which he has apprised the Court. Dkt. No. 44 at 2; Dkt. No. 44-1 ¶ 10. These circumstances do not excuse the filing of a meritless complaint, but they do inform the Court's consideration of whether Mr. Fish brought his claim in bad faith or prosecuted a meritless claim past the point when he should have known to withdraw it. *Miller*, 827 F.2d at 620 ("*Christiansburg* should be applied in pro se cases with attention to the plaintiff's ability to recognize the merits of his or her claims.").

Second, the Court finds that Magnum's counsel's December 10 email did not fully apprise Mr. Fish of the legal and factual bases on which Magnum ultimately moved to dismiss the complaint. Those bases were certainly clear once Magnum filed it motion to dismiss, and Mr. Fish should have dismissed his complaint at that time. He did not, but the Court ultimately dismissed the complaint shortly without leave to amend, after Mr. Fish candidly conceded he could not amend the complaint to address its deficiencies. Dkt. No. 28 at 11. In short, Magnum achieved an efficient, early resolution of Mr. Fish's complaint against it. Magnum was not required to engage in extended litigation before obtaining a favorable resolution of the Mr. Fish's takings claim. There is nothing exceptional about these circumstances. *See, e.g.*, *McMillin v. Foster City*, No. C 11-03201 WHA, 2012 WL 5464606, at *2–3 (N.D. Cal. Nov. 8, 2012) ("Merely pointing to the prior order granting defendants' motion to dismiss, without any explanation as to why plaintiff was aware of his action's lack of merit, does not satisfy defendants' burden of revealing 'exceptional circumstances.' . . . By itself, not heeding advice of *opposing* counsel, in an adversarial system, hardly constitutes 'exceptional circumstances.'") (emphasis original).

### B. California Civil Code § 1780(e)

Magnum argues that Mr. Fish's CLRA claim was brought in bad faith for two reasons. First, Magnum says that Mr. Fish sought a declaration from the Court that the reversion clauses in the subleases were unconscionable under California Civil Code § 1770(19) when that provision obviously applies only to goods or services, not real estate like Mr. Fish's subleases. Dkt. No. 42 at 6–7. Second, Mr. Fish was aware of the reversion clause as far back as 1995 and believed at that time that it was unconstitutional and unenforceable, yet he did nothing about it for 20 years. *Id.* Magnum suggests that Mr. Fish pursued the action for an ulterior motive: to pressure Magnum and the County into renewing his subleases to avoid the cost of moving his hangars. Dkt. No. 42 at 6–7.

Mr. Fish responds that he did not act in bad faith because he did not discover that moving the hangars was "impractical" until the fall of 2018. Dkt. No. 44 at 22. He does not explain why he thought the CLRA could possibly apply to his subleases.

The Court finds that Mr. Fish's "subjective state of mind" at the time was not one of bad faith. "When a tactic or action utterly lacks merit, a court is entitled to infer the party knew it lacked merit yet pursued the action for some ulterior motive. However, it is within a court's discretion not to draw that inference if convinced the party was acting in the good faith belief the action was meritorious." *Corbett*, 119 Cal. App. 4th at 928 (citing *Summers v. City of Cathedral City*, 225 Cal. App. 3d 1047, 1073 (1990)) (internal citation omitted). For the reasons discussed above, the Court concludes that Mr. Fish acted without sufficient care and competence in filing a CLRA claim against Magnum, but that he did not prosecute the claim in bad faith. Magnum's successful defense against this claim on a motion to dismiss does not require a different result. *See, e.g.*, *Kleffman v. Vonage Holdings Corp.*, 387 Fed. A'ppx 696, 698 (9th Cir. 2010) (holding that the defendant failed to establish subjective bad faith, even though only a "consumer" may bring CLRA claims and the plaintiff was not a "consumer"). The Court finds that Magnum has not carried its burden of proving subjective bad faith and thus denies its request for fees under California Civil Code § 1780(e).

9

## IV. CONCLUSION

For the foregoing reasons, the Court denies Magnum's motion for attorneys' fees.

**IT IS SO ORDERED.**

Dated: July 16, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge